UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                              :
POTAMKIN NEW YORK, LP, et al.
                    Plaintiffs,                              : 11 Civ. 6515 (JGK) (GWG)

          -v.-                                               : REPORT AND RECOMMENDATION

GEM AUTO BROKERS INC.,
                                                              :
                    Defendants.
                                                              :
-------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Potamkin New York, LP; Potamkin HY New York, LLC; and Eleventh Avenue Automotive, LLC brought this action to recover damages stemming from the failure of defendant Gem Auto Brokers Inc. ("Gem") to pay for automobiles purchased from plaintiffs. Because Gem has defaulted in answering the complaint, the only remaining issue is damages.

I.      BACKGROUND

        A.      Procedural Background

Plaintiffs filed their complaint on September 19, 2011, see Complaint, filed Sept. 19, 2011 (Docket # 1) ("Compl."), which they served on Gem on October 17, 2011, see Affidavit of Service, filed Nov. 29, 2011 (Docket # 4).  Gem did not file an answer.  On December 12, 2011, the Clerk of Court issued a certificate of default against Gem.  See Clerk's Certificate, filed Dec. 12, 2011 (Docket # 5).  The district court thereafter ordered Gem to show cause why a default judgment should not be entered against it.  See Order to Show Cause, filed Dec. 13, 2011 (Docket # 6).  When Gem failed to appear or respond to the order to show cause, the district court entered a default judgment against Gem.  See Order, filed Dec. 22, 2011 (Docket # 9).

On December 23, 2011, this Court issued a Scheduling Order directing plaintiffs to file by February 6, 2012, proposed findings of fact and conclusions of law with supporting documentation in support of their request for damages.  See Scheduling Order for Damages Inquest, filed Dec. 23, 2011 (Docket # 10) ("Scheduling Order") ¶¶ 1–2.  The order directed Gem to respond to plaintiffs' submissions by March 7, 2012.  Id.  On February 6, 2012, plaintiffs filed their proposed findings of fact and conclusions of law, along with supporting affidavits, seeking a judgment in the amount of $672,379.00, plus interest and costs.  See Plaintiffs' Proposed Findings of Fact and Conclusions of Law, filed Feb. 6, 2012 (Docket # 11) ("Pl. Mem."); Affidavit of George Spallina, dated Feb. 2, 2012 (annexed to Pl. Mem.) ("Spallina 1st Aff."); see also Affidavit of George Spallina, filed Apr. 19, 2012 (Docket # 13) ("Spallina 2nd Aff.").

The Court's Scheduling Order notified both parties that, absent a request from either side that the Court hold a hearing, the Court would conduct an inquest regarding damages based solely upon the parties' written submissions.  See Scheduling Order ¶ 3. Gem did not file a response to plaintiffs' submissions.  Neither party requested a hearing on damages.

Because the default judgment establishes Gem's liability, see, e.g., Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 854 (2d Cir. 1995), the only issue remaining is whether plaintiffs have supplied adequate proof of their damages.  See GAKM Res. LLC v. Jaylyn Sales Inc., 2009 WL 2150891, at *2 (S.D.N.Y. July 20, 2009) ("A default judgment that is entered on the well-pleaded allegations in a complaint establishes a defendant's liability, and the sole issue that remains before the court is whether the plaintiff has provided adequate support for the relief it seeks.") (citations omitted); accord Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155,

158 (2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993).  The Second Circuit has held that an inquest into damages may be held on the basis of documentary evidence alone, "as long as [the court has] ensured that there was a basis for the damages specified in [the] default judgment." Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989); accord Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991), cert. denied, 503 U.S. 1006 (1992). Plaintiffs' submissions include affidavits and documentary evidence.  See Pl. Mem.; Spallina 1st Aff.; Spallina 2nd Aff.  Because these submissions provide a basis for an award of damages, no hearing is required.

> B. Factual Background

In light of Gem's default, the Court accepts as true the well-pleaded allegations contained in plaintiffs' complaint, with the exception of those allegations relating to damages.  See, e.g., Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs. LLC, 665 F. Supp. 2d 434, 436 (S.D.N.Y. 2009) ("When the Court enters a default judgment, as regards liability it must accept as true all of the factual allegations of the complaint, but the amount of damages are not deemed true.  The Court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.") (citations, brackets, and internal quotation marks omitted). The following findings of fact are based on the allegations in the complaint regarding liability and the admissible evidence regarding damages in plaintiffs' submissions.

Plaintiffs are automobile dealerships located in New York that sell and service automobiles to individuals, distributors, and retailers throughout the United States.  Compl. ¶¶ 4–6, 8.  Gem's business involves purchasing automobiles and reselling them throughout the United States and the world.  Id. ¶ 9.

From January 1, 2008, through July 31, 2011, Gem placed orders with plaintiffs

3

Potamkin New York, LP and Potamkin HY New York, LLC for the purchase of automobiles. Id. ¶¶ 12, 23.[1] Plaintiffs delivered the automobiles purchased and the titles to those vehicles to Gem; Gem accepted the deliveries in full without objection. See Compl. ¶¶ 24–25; Spallina 1st Aff. ¶ 7. Gem paid plaintiffs less than the full purchase price for numerous vehicles plaintiffs sold and delivered to Gem. See Compl. ¶ 13; Spallina 1st Aff. ¶ 5. The aggregate of the underpayments to plaintiffs totaled $672,379.00. See Spallina 1st Aff. ¶ 5; Wholesale Billing Information (annexed as Ex. A to Compl. and Ex. B to Pl. Mem.).

II.     SUBJECT MATTER JURISDICTION

Potamkin New York is a limited partnership that was formed under Delaware law and locates its principal place of business in New York State. Compl. ¶ 4. Potamkin HY New York is a limited liability company that was formed under Delaware law and locates its principal place of business in New York. Id. ¶¶ 5–6. None of the partners of Potamkin New York or the members of Potamkin HY New York is a citizen of New Jersey. Id. ¶ 2. Gem is a corporation that was incorporated in New Jersey and has its principal place of business in New Jersey. Id. ¶ 7. Gem is therefore a New Jersey citizen for jurisdictional purposes. See 28 U.S.C. § 1332(c)(1). The two remaining plaintiffs in this action, see footnote 1, have each sustained damages in excess of $75,000 by virtue of Gem's breach. See Spallina 2nd Aff. ¶ 3. Therefore, the diversity statute gives the Court subject matter jurisdiction over this case. See 28 U.S.C. § 1332.

---

[1] Plaintiffs' most recent filing states that Eleventh Avenue Automotive LLC is not due any amounts from Gem and "was inadvertently included as a plaintiff in this action." Spallina 2nd Aff. ¶ 3. Accordingly, Eleventh Avenue Automotive LLC should be dismissed as a plaintiff.

III.    DISCUSSION

    A.    Breach of Contract

To recover damages for breach of contract under New York law, a plaintiff must prove "(1) the existence of a contract, (2) the plaintiff's performance under the contract, (3) the defendant's breach of the contract, and (4) resulting damages." Palmetto Partners, L.P. v. AJW Qualified Partners, LLC, 83 A.D.3d 804, 806 (2d Dep't 2011) (citations omitted).[2] Plaintiffs have demonstrated each element here.

"The formation of a valid, express contract under New York law requires an offer, acceptance, consideration, mutual assent, and intent to be bound." Int'l Bus. Machs. Corp. v. Johnson, 629 F. Supp. 2d 321, 330 (S.D.N.Y. 2009) (citing Register.com, Inc. v. Verio, Inc., 356 F.3d 393, 427 (2d Cir. 2004); Maffea v. Ippolito, 247 A.D.2d 366 (2d Dep't 1998)). Under New York's Uniform Commercial Code, which governs contracts for the sale of goods such as automobiles, see N.Y. U.C.C. § 2-102, an order to purchase goods constitutes an offer to buy such goods, which the seller may accept by timely shipping such goods to the ordering party, see N.Y. U.C.C. § 2-206(1)(b) ("[A]n order or other offer to buy goods for prompt or current shipment shall be construed as inviting acceptance either by a prompt promise to ship or by the prompt or current shipment of conforming or non-conforming goods . . . ."). Gem placed

---

[2] Plaintiffs' proposed findings of fact and conclusions of law rely on New York law or federal cases applying New York law. Gem has not responded to plaintiffs' papers. Accordingly, we will apply New York law to plaintiffs' claims. See Celle v. Filipino Reporter Enters. Inc., 209 F.3d 163, 175 (2d Cir. 2000) ("Since no party has challenged the choice of New York . . . law, all are deemed to have consented to its application."); Krumme v. WestPoint Stevens Inc., 238 F.3d 133, 138 (2d Cir. 2000) (parties impliedly consented to New York law by relying on New York cases); Edidin v. Uptown Gallery, Inc, 2010 WL 1252666, at *2 n.1 (S.D.N.Y. Mar. 31, 2010) (plaintiff's reliance on New York law in motion for default judgment is sufficient for court to apply New York law); Afolabi v. Jones, 2008 WL 4890166, at *2 n.2 (E.D.N.Y. Nov. 12, 2008) (same).

various orders to buy automobiles from plaintiffs, see Compl. ¶¶ 12, 23, and plaintiffs shipped the automobiles Gem ordered, see id. ¶¶ 24–25; Spallina 1st Aff. ¶ 7.  Each shipment by plaintiffs constituted an acceptance of the corresponding offer, mutual assent to the purchase order's terms, and a showing of an intent to be bound by the agreement.  See Armstrong Pumps, Inc. v. Brewer-Garrett Co., 2010 WL 447394, at *3 (W.D.N.Y. Feb. 2, 2010) (citation omitted) (applying New York law).  Consideration supports the agreements by virtue of plaintiffs' delivery of automobiles in exchange for Gem's promises to pay money for the automobiles.  Accordingly, Gem was contractually bound to pay for the automobiles.

Plaintiffs shipped automobiles in conformity with the purchase orders, see Spallina 1st Aff. ¶ 7, thereby fulfilling their obligations under the contracts.  By accepting delivered automobiles without objection and failing to pay the full price for them, Gem breached its contracts with plaintiffs.

      B.      Damages

Plaintiffs seek compensatory damages equaling the sum of the underpayments for the delivered automobiles.  See Pl. Mem. at 8.  These underpayments total $672,379.00.  See Spallina 1st Aff. ¶ 5; Spallina 2nd Aff. ¶ 3.  Plaintiffs are entitled to this sum.  See N.Y. U.C.C. § 2-607(1) ("The buyer must pay at the contract rate for any goods accepted.").

      C.      Pre-Judgment Interest and Costs

Under New York law, "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract."  N.Y. C.P.L.R. § 5001(a); see also NML Capital v. Republic of Argentina, 17 N.Y.3d 250, 258 (2011) ("CPLR 5001 permits a party that prevailed in a breach of contract action to obtain prejudgment interest . . . .").  The prejudgment interest rate is 9 percent per annum.  N.Y. C.P.L.R. § 5004.  At a 9 percent annual interest rate, the

amount of interest due to plaintiffs per day equals $165.80.  Under New York law,

> [i]nterest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred.  Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.

N.Y. C.P.L.R. § 5001(b).  Here, plaintiffs have not sought interest from any intermediate date of the various underpayments but instead from the date of the demand for payment, which was August 15, 2011.  See Letter from Corey Winograd to Paul Eiseman, dated Aug. 15, 2011 (annexed as Ex. C to Pl. Mem.); Pl. Mem. at 11–12.  Because this proposed date comes after the last payment was due – and thus long after any potential intermediate date – the Court will accept it.

Plaintiffs also seek costs of $473.53.  These consist of $123.53 for service costs, see Receipts (annexed as Ex. D to Pl. Mem.), and the $350 filing fee.  These costs are specifically permitted by statute, see 29 U.S.C. § 1132(g)(2)(D), and we find them to be reasonable.

IV.   CONCLUSION

For the foregoing reasons, Eleventh Avenue Automotive LLC should be dismissed as a plaintiff.  Plaintiffs Potamkin New York, LP and Potamkin HY New York, LLC should be awarded a judgment against Gem Auto Brokers Inc. in the amount of $672,379, plus prejudgment interest running at the rate of $165.80 per day from August 15, 2011 until the date of entry of judgment, plus costs in the amount of $473.53.

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of

this Report and Recommendation to serve and file any objections.  <u>See</u> <u>also</u> Fed. R. Civ. P. 6(a), (b), (d).  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. John G. Koeltl, and to the undersigned, at 500 Pearl Street, New York, New York 10007.  Any request for an extension of time to file objections must be directed to Judge Koeltl.  If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.</u>, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: May 1, 2012
       New York, New York

                                                     GABRIEL W. GORENSTEIN
                                                     United States Magistrate Judge

Copies mailed to:

Corey Michael Winograd
450 Seventh Avenue, Suite 1308
New York, NY 10123

Gem Auto Brokers
430 Industrial Avenue, 1st Floor
Teterboro, NJ 07608

this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. John G. Koeltl, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Koeltl. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: April 30, 2012
      New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies mailed to:

Corey Michael Winograd
450 Seventh Avenue, Suite 1308
New York, NY 10123

Gem Auto Brokers
430 Industrial Avenue, 1st Floor
Teterboro, NJ 07608